

FILED

SEP 27 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VINCENT E. PRESSLEY,

    Plaintiff,

v.                                           Civil Action No. 2:17cv264

CITY OF NORFOLK, VIRGINIA,

    Defendant.

## OPINION & ORDER

This matter is before the Court pursuant to Defendant City of Norfolk, Virginia's ("Norfolk's" or "Defendant's") Motion to Dismiss Count I and Count III of Plaintiff Vincent E. Pressley's ("Pressley's" or "Plaintiff's") Complaint ("Motion"). Doc. 4. Norfolk also filed a request for a hearing on the Motion. Doc. 11. The Court **FINDS** that no hearing is necessary because the proper disposition of the Motion is clear from the briefs. For the reasons stated herein, the Court **GRANTS** the Motion **IN PART**, **DISMISSING** Count I for failure to exhaust administrative remedies.

### I.    BACKGROUND

**A.**    **Factual Allegations**

This action arises from the alleged wrongful termination of Pressley, an African American former city maintenance mechanic at Norfolk's Moore's Bridge Water Treatment Facility ("Moore's Bridge"). See Doc. 1 ("Compl."), ¶¶ 11–12. Pressley began working at Moore's Bridge on April 1, 1992. Id. ¶ 11. In early 2015, he began applying for a Meter Mechanic position in the department. Id. ¶ 13. When he inquired regarding the status of his applications, the Meter Mechanic Supervisor informed him that the supervisor had never

received any of the applications from human resources. Id. Subsequently, on October 7, 2015, Pressley received a disciplinary notice for "leaving his work area without permission to purchase lottery tickets for co-workers." Id. ¶ 14. He alleges that this notice was false because his supervisor instructed him to purchase the lottery tickets. Id. ¶ 15. He further alleges that Caucasian and Filipino coworkers left the work area during the same time period without permission and with company vehicles but were not punished. Id. ¶ 16.

Pressley alleges that this disciplinary action was consistent with many racially discriminatory practices. See id. ¶¶ 17–24. Such practices include passing over African-American employees for promotions and forcing African-American employees to pick up trash by hand while Caucasian employees used tools. Id. ¶¶ 17–18. Supervisors Marvin Burheim ("Burheim") and Billy Branch ("Branch") also allegedly used racial epithets, with Branch using one at Pressley in particular. Id. ¶ 19. Burheim also referred to the job site as a plantation, to Pressley's vocal objection, which led to "more severe" treatment of Pressley by Burheim. Id. ¶¶ 20–21. In addition, another employee named Michael Robinson reported the racial discrimination to Linda Balance in the human resources department and was shortly thereafter fired for "abandoning his job." Id. ¶¶ 22–23. Pressley seeks damages for three (3) claims: hostile work environment, retaliatory discharge, and racial discrimination. Id. ¶¶ 25–39.

B.    **Procedural History**

Pressley previously filed two (2) Equal Employment Opportunity Commission ("EEOC") charges on October 19, 2015 and on December 2, 2015, respectively. See Compl. ¶¶ 5–8. On February 28, 2017, the EEOC issued a dismissal and notice of right to sue on the second charge. Id. ¶ 8. Pressley filed his Complaint in this Court on May 17, 2017. Compl. On June 15, 2017, Norfolk filed the instant Motion. Doc. 4. Norfolk also filed an answer. Doc. 6. Pressley

responded in opposition to the instant Motion on June 28, 2017. Doc. 8. Norfolk replied on July 5, 2017. Doc. 10. The Final Pretrial Conference ("FPTC") is scheduled for February 15, 2018, and trial is scheduled for February 27, 2018. Doc. 12.

## II. LEGAL STANDARD[1]

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim against a defendant for lack of subject matter jurisdiction. Federal district courts are courts of limited subject matter jurisdiction. Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Accordingly, "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1)). The court may accept evidence on any disputed jurisdictional facts without converting a motion to dismiss into a motion for summary judgment. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The plaintiff has the burden of proof on subject matter jurisdiction. Id.

## III. ANALYSIS

Norfolk seeks dismissal of two (2) of Pressley's three (3) claims for relief for failure to exhaust administrative remedies. "In any subsequent lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013) (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996)). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be

---

[1] Norfolk states that it seeks dismissal under Rule 12(b)(1) and Rule 12(b)(6), see Doc. 4, but its memorandum in support of its Motion only offers jurisdictional arguments, see Doc. 5. Thus, the Court need not address Rule 12(b)(6).

maintained in a subsequent Title VII lawsuit." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (quoting Evans, 80 F.3d at 963). A plaintiff has failed to exhaust administrative remedies where, for example, the charge only alleges retaliation and the complaint adds racial discrimination. See id. at 301; see also Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 594 (4th Cir. 2012) (citing Jones). In contrast, a plaintiff's claims are reasonably related to their initial charge where, for example, both allege discrimination in promotion, but the complaint discusses a different aspect of the promotional system, or both allege retaliation, but the complaint discusses different retaliatory conduct. See Sydnor, 681 F.3d at 594 (citing Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981) and Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000), respectively).

Two EEOC charges are at issue here. The first charge states as follows:

> I. I have been employed with this company since April 1992, as a Maintenance Mechanic I. Throughout my tenure, I have received above average performance evaluation. Since the beginning of 2015, I have applied for Meter Mechanic position several times, a position I held until 2004. I was approached by Meter Mechanic Supervisor and told that they never saw my application that it must have been pulled by Human Resources or Assistant Director, Eric Tucker. On October 7, 2015, I received a disciplinary notice for leaving the work area without permission to purchase lottery tickets for supervisors and fellow co-workers. Several other employees leave the work area in the city vehicle and never receive any disciplinary action.
>
> II. I never received a reason from the Assistant Director on why my application was not selected. The reason I was given for the disciplinary action was leaving the plant without permission; insubordination; use of offensive language; conduct unbecoming and violation of the business conduct policy.
>
> III. I believe I was disciplined and denied assignment because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 5, Ex. 1 (the "October Charge") at 1. The second charge states as follows:

> I was hired as a Maintenance Mechanic I on April 1, 1992. I filed a charge of discrimination in October 2015. On November 2, 2015 I was discharged. The

> White and Filipino employees leave the work site without permission or authorization and are not disciplined.
>
> The reasons given for my discharge are leaving duty area without permission, insubordination and neglect of duty.
>
> I believe I was discharged because of my race, Black and in retaliation for filing a prior charge of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

Id., Ex. 2 (the "December Charge") at 1. Neither Party disputes that Pressley is suing on the second charge. See generally Docs. 5, 6.

The December charge discloses two (2) clear claims: that Pressley "was discharged because of [his] race" and that Pressley "was discharged . . . in retaliation for filing a prior charge of discrimination." See December Charge at 1. Norfolk argues that these allegations cannot reasonably extend to the "hostile work environment" and "demeaning, harsh and racially adverse employment conditions" alleged in Count I (Hostile Work Environment) and Count III (Racial Discrimination) of Pressley's Complaint. Doc. 5 at 5–6. Pressley responds that the December Charge addresses both retaliatory discharge and racial discrimination and that "the claim of hostile work environment based upon race was reasonable [sic] related to the EEOC's investigation of racial discrimination (and was in fact investigated)." Doc. 8 at 4. He also observes that he addressed the broader work environment issues in his written rebuttal brief to the EEOC. Id. at 2 (citing Id., Ex. C.) Norfolk replies that Pressley has not alleged that he sent the reply brief to Norfolk, nor does the fact of the letter disclose such, and thus, a reasonable investigation would not look beyond the discrimination related to his termination. Doc. 10 at 2.

Pressley has failed to prove exhaustion of remedies as to Count I (Hostile Work Environment), and thus, has also failed to prove this Court's jurisdiction over that claim. Private letters to the EEOC cannot amend formal charges. Balas v. Huntington Ingalls Indus., Inc., 711

F.3d 401, 408 (4th Cir. 2013). The law appears unclear as to whether a private letter copied to an employer would suffice to put the employer on notice for "reasonable investigation" purposes. Pressley does not allege that his employer was aware of his rebuttal brief, preventing any finding in his favor on the alleged facts. Furthermore, the hostile work environment claim is substantively different than the December Charge because it discusses a long term pattern of behavior rather than conduct related to a discrete act, termination. Thus, there is no basis for finding that the broader claim is permitted in this Court based on the December charge. Accordingly, the Court **DISMISSES** Count I for lack of jurisdiction.

Pressley has established exhaustion of remedies as to Count III (Racial Discrimination). The December Charge includes the line "I believe I was discharged because of my race . . . ." December Charge at 1. Neither Party disputes that Pressley exhausted administrative remedies for matters raised in the December Charge. Thus, the Court **FINDS** jurisdiction over Count III.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion **IN PART, DISMISSING** Count I for failure to exhaust administrative remedies.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 27, 2017

6